EASTERN DIST.
*March*, 1839.

STATE *vs.* GOSSIN ET AL.

STATE
*vs.*
GOSSIN ET AL.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

The execution of a bail bond, in a criminal case, need not be proved when it purports to have been signed and sealed in the presence of a witness, who certifies the transcript of appeal *as clerk of the court*, especially when the court has acted on it as a public record.

On a motion to enter up judgment on a bail bond, against the principal and his sureties, it is sufficient to assign as reasons for the judgment, that "the appearance bond of the accused was called, and he failed to appear in compliance with his recognizance."

This case comes up on an appeal from a judgment rendered on motion of the district attorney, against the principal and his sureties, in a bail bond for his appearance at the next term of the court, to answer a charge made against him, of having committed an assault and battery.

At the term of the court to which the principal was recognized to appear, the following order and judgment was entered up.

On motion of John J. Mortee, Esq., district attorney, leave having been first had and obtained from the court, and the appearance bond of the accused having been called out agreeably to law, and the said Gossin having failed to appear in compliance with his recognizance, it is, therefore, ordered, etc., that the said William E. Gossin, and his sureties, be condemned *in solido*, to pay the state of Louisiana the sum of five hundred dollars, the amount for which they were severally bound, for the appearance of said Gossin, etc.

J. Arthur, one of the sureties alone appealed.

*Penn*, for the appellant.

*Mortee*, district attorney, contra.

*Rost, J.*, delivered the opinion of the court.

William E. Gossin, being charged with having committed an assault and battery, gave a bond in the usual form, with

Jonathan Arthur and others as securities, to be and appear at the next term of the District Court, to be held in and for the parish of St. Tammany, to answer said offence. The accused did not appear at the appointed time, and on motion of the district attorney, leave having first been obtained from the court, he was called out on his recognizance, and failing to answer, judgment was entered *in solido*, against him and his securities, for the amount of the bond.

A motion for a new trial was made on behalf of the defendants, and overruled by the court. Jonathan Arthur, one of the securities, appeals, and asks a reversal of the judgment on the following grounds:

1st. That there is no evidence in the record to prove the execution of the bond.

2nd. That the judgment of the District Court is given without assigning reasons.

I. The bond appears on the face of it, to have been signed and sealed in the presence of E. P. Ellis, who certifies the transcript of appeal, as clerk of the court; and it is moreover recognized and acted upon, as a public record by the court to which it belongs; that court knows its officers, and the acts passed before them, in the due course of their ministerial functions, need not be proved.

II. The reasons assigned in the judgment are, "that the appearance bond of the accused having been called out, agreeably to law, he had failed to appear in compliance with his recognizance." We are not aware that better or other reasons could have been assigned.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin notes:*

EASTERN DIST.
*March*, 1839.

STATE
*vs.*
GOSSIN ET AL.

The execution of a bail bond, in a criminal case, need not be proved, when it purports to have been signed and sealed in the presence of a witness, and who certifies the transcript of appeal *as clerk of the court*, especially when the court has acted on it as a public record.

On a motion to enter up judgment on a bail bond, against the principal and his sureties, it is sufficient to assign as reasons for the judgment, that "the appearance bond of the accused was called, and he failed to appear in compliance with his recognizance."